UNITED STATES of America,
Plaintiff—Appellee,

v.

Chauncey JACQUES, aka Chaunci Jacques, Defendant—Appellant.

No. 05–30246.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2006.*

Decided March 13, 2006.

Russell E. Smoot, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Jeffry Keith Finer, Esq., Finer & Pugsley, Spokane, WA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Chauncey Jacques appeals from his conditional guilty plea and sentence for possession of 5 grams or more of a mixture of a substance containing cocaine base in violation of 21 U.S.C. § 844(a). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.

The defendant argues that the district court erred in ruling that there was probable cause to arrest him, and therefore, that the resulting search incident to the arrest was lawful. We review de novo the district court's denial of the motion to suppress. *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir.2005). We review the district court's factual findings for clear error. *Id.* In assessing probable cause, we consider the totality of the circumstances of the events leading up to the arrest and determine whether an objectively reasonable narcotics officer would have found probable cause—a fair probability that the individual had committed a crime. *Maryland v. Pringle*, 540 U.S. 366, 370–71, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003); *United States v. Valencia–Amezcua*, 278 F.3d 901, 906–08 (9th Cir.2002). If the officers' observations provide a reasonable belief that an individual present at the scene is part of a criminal enterprise, probable cause extends to that individual. *Id.; United States v. Del Vizo*, 918 F.2d 821, 826 n. 7 (9th Cir.1990).

■ This case involved more than the defendant's mere presence. The defendant arrived by car at a pre-arranged drug buy/exchange involving a significant quantity of drugs with Johnson, a known drug dealer, who was driving. After Johnson left the car to consummate the transaction with an undercover officer in the agent's car, the defendant moved Johnson's car so that it was parked to the left of, and next to, the agent's vehicle. As a result, the undercover agent was sandwiched between Johnson in the agent's vehicle and the defendant in Johnson's car. When the agent asked if the defendant was "cool," Johnson answered, "yeah." The defendant remained in Johnson's car during the transaction. Considering the totality of the circumstances, an objectively reasonable narcotics officer could have believed that there was a fair probability that the defendant was involved in the drug sale. Because there was probable cause to arrest the defendant, the search incident to arrest was lawful.

■ The defendant argues that the disparity in sentencing between crack and powder cocaine resulted in an unreasonable sentence under 18 U.S.C. § 3553(a). We review the sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a), including the Sentencing Guidelines range. *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006). The district court properly calculated the Guidelines range, recognized the advisory nature of the Guidelines, considered the statutory factors, and sentenced the defendant to the minimum of the Guidelines range. The district court concluded that the sentence was reasonable in light of the differences between crack and powder cocaine

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and the defendant's violent criminal conviction history, particularly the drive-by shooting and two prior drug convictions. The district court did not err in finding that the sentence was reasonable.

AFFIRMED.